MICHAEL FLYNN MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77.    Promulgated June 1, 1944.

*Arthur B. Hyman, Esq.*, and *Morris Katz, Esq.*, for the petitioner.
*Francis X. Gallagher, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: The first issue for decision, and the only one on which the burden of proof rests with petitioner, is whether petitioner is entitled to deduct salaries awarded and accrued in the years 1939 and 1940 to the credit of Frank F. Flynn and Charles M. Flynn, its principal officers and controlling stockholders. The Flynns both rendered active service to petitioner and petitioner properly may deduct the obligations incurred for their salaries under section 23 (a) (1) of the Internal Revenue Code unless prevented from so doing by section 24 (c). Thus, we must determine whether the circumstances here do or do not call for the application of the latter section. Such a determination will resolve automatically the ultimate issue.

Section 24 (c) of the Internal Revenue Code provides as follows:

SEC. 24. ITEMS NOT DEDUCTIBLE.

    \*       \*       \*       \*       \*       \*       \*

(c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in

the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).

It is to be noted that the section contains three subdivisions, each of which sets forth a condition to the application of the deduction disallowance provision. The three conditions must coexist. *Fincher Motors, Inc.*, 43 B. T. A. 673; *Celina Manufacturing Co.*, 47 B. T. A. 967; reversed on other grounds, 142 Fed. (2d) 449. Otherwise petitioner's right to the deductions must be upheld.

We direct our attention to subdivision (2) of section 24 (c). It sets forth as a condition to the disallowance of an expense or interest deduction that the amount be not includible in the gross income for the year of the person to whom payment of the amount is to be made. Conversely, if the item claimed as a deduction is includible in the current income of the one in whose favor it is accrued, then section 24 (c) may not be interposed to disallow it. The Income Tax Unit of the Bureau of Internal Revenue itself has so interpreted the statute and we think rightly. In I. T. 3242, C. B. 1939–I, p. 172, after quoting from the report of the Ways and Means Committee of the House of Representatives regarding section 24 (c), it is stated:

* * * it is the opinion of this office that where it is conclusively shown that amounts deducted for accrued expenses (and interest) by a debtor taxpayer have been credited to the account of the person to whom such amounts are due under circumstances which would require the reporting of the sums credited as income constructively received under the provisions of article 42–2 of Regulations 94, the deduction for such amounts is allowable since factor (2) of section 24 (c), supra, is absent in such a case and there is no basis for the disallowance of the deduction.

Article 42–2 of Regulations 94, identical in all respects with Regulations 103, section 19.42–2, provides in part:

Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. * * *

The Circuit Court of Appeals for the Sixth Circuit attributed a like meaning to section 24 (c), as is demonstrated by the following language taken from *Musselman Hub-Brake Co.* v. *Commissioner*, 139 Fed. (2d) 65:

In other words, if the debtor credited to the account of the creditor sums under circumstances which would require reporting income constructively received, * * * the deduction would be allowable under the statute, because the creditor would be required to include these sums in his gross income.

Hence, in the instant case, petitioner is entitled to the deductions claimed in respect of the salaries of the Flynn brothers if such salaries were includible in the gross income of the latter under the doctrine of constructive receipt. Were the salaries so includible? We think the facts presented conclusively prove that they were.

The typical situation calling for the application of the constructive receipt principle is one wherein an officer in control of a corporation financially able to pay fails to withdraw part or all of the salary accrued to his credit on the corporation's books. In such cases the accrued salaries are deemed to have been received by the officer despite his election to leave them in the company and, accordingly, they are to be included in his income for the taxable period in which they are made available to him. See *John A. Brander*, 3 B. T. A. 231; *John I. Chipey*, 25 B. T. A. 1103; *Schoenheit* v. *Lucas*, 44 Fed. (2d) 476. The circumstances here mark this as another such typical situation. The salaries in question are those accrued in favor of the two brothers, respectively, petitioner's president and first vice president, who together owned directly or indirectly 79.7 percent of petitioner's common stock and all its preferred stock. It must be assumed that their influence over corporate activities and business practices at least was commensurate with their interest in petitioner and their position as its principal officers. In 1940 petitioner's net profits were reported as having been substantial—in excess of $91,000. At a directors' meeting held December 27, 1940, at which Frank Flynn presided and in which Charles Flynn took part, a resolution was passed awarding them salaries of $10,000 each for the year 1940. Such amounts were to be placed to their credit as of December 31, 1940, and *thereupon to become payable to them on demand*. At the same meeting, $30,000 in bonuses and salaries was voted to the other officers of petitioner. On December 31, 1940, petitioner had bank balances of $83,000. In addition it had a substantial line of credit and had enjoyed a most successful year, its net worth having increased in that period by about 50 percent. It is obvious that the Flynns in 1940 had merely to ask for their salaries and they would have been forthcoming. Such was their control, such was the financial position of the company, and such were the express terms of the resolution by which the salaries were granted. That the salaries were not in fact demanded and received then was strictly a matter of their own choosing. We conclude that the salaries were includible in the gross incomes of the Flynns for the year 1940 under the doctrine of constructive receipt. *John A. Brander, supra;*

*John I. Chipey, supra; Kenneth Drummond*, 43 B. T. A. 529; *Schoenheit* v. *Lucas, supra*.

The facts supporting the same conclusion as to the 1939 salaries are not quite so unequivocal, since the resolution by which the $5,000 salaries were voted to the Flynns and the other officers was not reduced to writing. However, we have the uncontradicted testimony that formal action with reference to the salaries was taken in mid-December 1939, and that such salaries were accrued on petitioner's books without restriction or limitation is evidenced by the entry itself. At this time the Flynns occupied the same positions in the company and owned the same substantial interests as they did in December 1940. Again we find petitioner to have been in a sound financial condition and with cash on hand as of December 31, 1939, far in excess of that required to pay all salaries awarded. We think the evidence amply justifies the conclusion that the Flynn's failure to actually draw their 1939 salaries in 1939 also was due purely to their untrammeled discretion. Hence the $5,000 credited to each in this year was includible in his income for the year.

Respondent disallowed the deduction of the entire $5,000 salary accrued to the credit of each of the Flynns in 1939 and $9,000 of the $10,000 accrued to the credit of each in 1940. Since these sums were includible in their respective gross incomes in the same years, it follows that the condition set forth in section 24 (c) (2) does not exist. We therefore hold that respondent erred in disallowing such deductions. It is immaterial that the Flynns failed to report their 1939 salaries in 1939 or their 1940 salaries in 1940. (They did report them in the year following their accrual on the theory that payment was received in the subsequent years.) Moreover, it is also unnecessary to determine whether the condition stated in subdivisions (1) and (3) here exist, for the nonexistence of any one of the conditions prevents the application of section 24 (c).

The remaining issues arise by way of respondent's amended answer. He there alleged that he erred in allowing petitioner in 1939 the deduction of $15,000 representing salaries accrued to the officers other than the Flynn brothers. In support of this he averred that such salaries were not a bona fide indebtedness, since it was understood that they should never be paid. The burden of proving that respondent erred in making his determination is upon himself. He has failed to sustain his burden. The fact that the accrued salaries liability was extinguished upon the issuance of notes payable to the officers and that the notes were turned back to petitioner upon maturity with a corresponding credit to surplus is not, in our opinion, sufficient to prove a prior agreement that the salaries were never to be paid. And this is the only material evidence bearing upon the issue. Consequently, the deduction must stand as originally allowed.

Respondent also alleged in his amended answer that he erred in allowing the deduction of $32,000 in salaries and bonuses accrued by petitioner in 1940. This sum represents all amounts awarded by the resolutions passed at the directors' meeting of December 27, 1940, save $18,000 of the $20,000 in salaries granted the Flynns. The $18,000 was disallowed under section 24 (c) as heretofore explained. Respondent averred the $32,000 so awarded was excessive and unreasonable and, hence, was not deductible by petitioner. This contention is not pressed in respondent's brief and we assume the issue to have been abandoned. In any event, no proof whatever was offered respecting it. This issue is also decided in petitioner's favor. The claims for increased deficiencies for 1939 and 1940 are disallowed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DISNEY, *J.*, dissents.

———

SMITH, *J.*, concurring: I concur in the result reached by the Tax Court in this case upon the authority of *Musselman Hub-Brake Co.* v. *Commissioner*, 139 Fed. (2d) 65, and *Celina Mfg. Co.* v. *Commissioner* (C. C. A., 6th Cir.), 142 Fed. (2d) 142 Fed. (2d) 449.

In the opinion of the Court it is held that the two Flynn brothers are taxable in 1939 and 1940 upon the salaries accrued upon the petitioner's books of account for those years which were not actually paid to them during those years. This is upon the doctrine of constructive receipt, which, I think, has no application to this case. The accrued salaries were paid to the Flynn brothers in the form of notes and checks which the Flynn brothers treated as the equivalent of cash and reported the same as a part of their taxable income for the years 1940 and 1941, respectively. The payments by note and by check within two and one-half months after the close of the calendar years 1939 and 1940 were payments, upon the authority of the above cited cases, under section 24 (c) (1) of the Internal Revenue Code. In my opinion the Court is in error in saying that section 24 (c) (2) may not be interposed to disallow to petitioner the deduction of the accrued salaries. I think it is not to be doubted that section 24 (c) (1) was intended to apply to cases such as this.

OPPER, *J.*, agrees with the above.