Ennis Manufacturing Company v. Commissioner.
Ennis Mfg. Co. v. Commissioner
Docket No. 1437.
United States Tax Court
1944 Tax Ct. Memo LEXIS 117; 3 T.C.M. (CCH) 937; T.C.M. (RIA) 44296; September 15, 1944
*117 William R. Spofford, Esq., 1035 Land Title Bldg., Philadelphia, Pa., for the petitioner. William D. Harris, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent determined deficiencies against the petitioner for the calendar years 1939 and 1940, as follows: 1939
1940
Income tax
$2,919.10
$3,067.51
Declared value excess-profits
tax
994.87
797.26
The only issue submitted is whether, under section 24 (c) of the Internal Revenue Code, respondent was correct in disallowing the deduction of the amounts of salaries credited on petitioner's books to certain of its officers during those years. The facts were stipulated and are so found. The stipulation, in so far as it applies to the issue submitted, herewith follows: [The Facts] 1. Petitioner (hereinafter sometimes referred to as the corporation) is a corporation organized on December 24, 1929, under the Laws of the Commonwealth of Pennsylvania with its office and principal place of business at 8th and Oley Streets, Reading, Pennsylvania. 2. Petitioner's Federal income and declared value excess profits tax returns for the calendar years 1939 and 1940 were filed with the Collector of Internal *118 Revenue for the First Collection District of Pennsylvania, at Philadelphia, Pennsylvania. Photostatic copies of the petitioner's Federal income and declared value excess profits tax returns for the calendar years 1930 to 1940, inclusive, are introduced in evidence. 3. Petitioner's books of account are kept on the accrual basis and its Federal income and declared value excess profits tax returns for the calendar years 1930 to 1940, inclusive, were prepared in conformity therewith. 4. At all times material to this proceeding, the taxpayer's capital stock consisted of 250 shares of common stock all owned by members of one family, as follows: Name
Title
Relation
Shares
John L. Ennis
President
Father
90
Harold G. Ennis
Treasurer
Son
50
J. George Ennis
Vice President
Son
30
Ruth J. Ennis
Secretary
Daughter
30
Other members of family
50
250
5. On January 18, 1939, the Board of Directors of the corporation authorized the payment of salaries to its officers for the calendar year 1939, in the following amounts: Name
Amount
John L. Ennis
$11,200.00
Harold G. Ennis
9,200.00
J. George Ennis
7,000.00
Ruth J. Ennis
2,500.00
$29,900.00
*119 6. Directors' fees were paid the officers above mentioned during the year 1939 as follows: Name
Amount
John L. Ennis
$100.00
Harold G. Ennis
100.00
J. George Ennis
100.00
Ruth J. Ennis
100.00
Total
$400.00
7. On December 31, 1939, there were credited to the individual accounts of the officers on the books of petitioner the following amounts of unpaid salaries for the year 1939: Name
Amount
John L. Ennis
$ 6,000.00
Harold G. Ennis
6.000.00
J. George Ennis
5.000.00
Ruth J. Ennis
2,500.00
Total
$19,500.00 Said amounts represented the credit balances in said accounts on December 31, 1939. 8. Payment in cash of the items set forth in paragraph 7 hereof was made on the following dates: Name
Amount
Date
John L. Ennis
$ 2,000.00
June 22, 1940
4,000.00
August 13, 1940
Harold G. Ennis
6,000.00
October 19, 1940
J. George Ennis
5,000.00
August 22, 1940
Ruth J. Ennis
2,500.00
March 4, 1940
Total
$19,500.00
9. On April 30 and May 30, 1940, John L. Ennis advanced petitioner the sums of $1500.00 and $500.00, respectively, to supply current working capital. 10. John L. Ennis, Harold G. Ennis, J. George Ennis and Ruth J. Ennis reported the *120 amounts set forth in paragraphs 5 and 7 herein, as income in their respective individual Federal income tax returns for the calendar year 1939, all of which were prepared and filed on the basis of cash receipts and disbursements. 11. On October 26, 1939, the Board of Directors of the corporation authorized the payment of a dividend of $50.00 per share and said dividends were paid on October 28, 1939 in the aggregate amount of $12,500.00. These payments of dividends were reported in the Federal income tax returns of the stockholders of the corporation for the calendar year 1939. 12. In its Federal income and declared value excess profits tax return for the calendar year 1939, petitioner claimed as a deduction the sum of $30,300.00 representing the aggregate of amounts set forth in paragraphs 5 and 6 herein. Of such amount the respondent has disallowed the sum of $19,000.00. * * * * *
14. On January 4, 1940, the Board of Directors of the corporation authorized the payment of salaries to its officers for the calendar year 1940 in the following amounts: Name
Amount
John L. Ennis
$11,200.00
Harold G. Ennis
10,900.00
J. George Ennis
10,120.00
Ruth J. Ennis
2,500.00
Total
$34,720.00
*121 15. Directors' fees were paid the officers above mentioned for the year 1940 as follows: Name
Amount
John L. Ennis
$130.00
Harold G. Ennis
130.00
J. George Ennis
130.00
Ruth J. Ennis
130.00
Total
$520.00
16. On December 31, 1940, there were credited to the individual accounts of the officers on the books of petitioner the following amounts of unpaid salaries for the year 1940: Name
Amount
John L. Ennis
$ 6,000.00
Harold G. Ennis
7,000.00
J. George Ennis
7,000.00
Ruth J. Ennis
2,500.00
Total
$22,500.00 Said amounts represented the credit balances in said accounts on December 31, 1940. 17. Payment in cash of the items set forth in paragraph 16 hereof was made on the following dates: Name
Amount
Date
John L. Ennis
$6,000.00
March 8, 1941
Harold G. Ennis
7,000.00
August 8, 1941
J. George Ennis
7,000.00
April 28, 1941
Ruth J. Ennis
2,500.00
August 8, 1941
18. John L. Ennis, Harold G. Ennis, J. George Ennis and Ruth J. Ennis reported the amounts set forth in paragraphs 14 and 15 herein as income in their respective Federal income tax returns for the calendar year 1940, all of which were prepared on the basis of cash receipts and disbursements. *122 19. On December 11, 1940, the Board of Directors of the corporation authorized the payment of a dividend of $50.00 per share and said dividends were paid on December 16, 1940 in the aggregate amount of $12,500.00. These payments of dividends were reported in the Federal income tax returns of the stockholders of the Corporation for the calendar year 1940. 20. In its Federal income and declared value excess profits tax return for the calendar year 1940, petitioner claimed as a deduction the sum of $35,240.00, representing the aggregate of amounts set forth in paragraphs 14 and 15 herein. Of such amount the respondent has disallowed the sum of $16,500.00. 21. During the period from December 31, 1939, to March 15, 1940, petitioner had insufficient cash to pay the credit balances in the accounts of its officers as set forth in paragraph 7 hereof, except the payment to Ruth J. Ennis set forth in paragraph 8 hereof. During the period from December 31, 1940 to March 15, 1941, petitioner had insufficient cash to pay the credit balances in the accounts of its officers as set forth in paragraph 16 hereof, except the payment to John L. Ennis, as set forth in paragraph 17 hereof. Except as *123 hereinabove set forth, petitioner has not at any time, including the period hereunder consideration, borrowed money from any source; has not at any time made application to borrow money from any source; and has maintained a consistent policy at all times not to borrow money from any source in the conduct of its business activities. Petitioner could have borrowed the sum of $17,000.00 during the year 1939 or two and a half months thereafter on a secured basis for the purpose of paying officers' salaries; and it could have borrowed $22,500.00 during the year 1940 and two and a half months thereafter on a secured basis for the same purpose provided the prior loan, if it had been made, had been repaid. Respondent disallowed the deduction of such amounts of the salaries of its officers for each of the taxable years as were not actually paid within those years or within two and one-half months thereafter. Respondent took this action even though the disallowed amounts had been credited to the individual accounts of the several officers on the books of the petitioner before the close of the respective years, and the petitioner, though without sufficient cash to meet demand for the payment *124 of such amounts, was from the time of those credits throughout the period closing two and one-half months thereafter, well able financially to have borrowed and actually paid such amounts if demanded. Respondent supports this action on the ground that petitioner must show a compliance with all three of the conditions set out in section 24 (c) of the Internal Revenue Code[1] in order to justify the allowance of the contested deductions, and that it has failed here, since constructive receipt of the amounts in dispute by the officers does not satisfy either the first or second condition of the section. *125 Petitioner, on the other hand argues that the disallowance is improper unless all three of the conditions set out in section 24 (c) co-existed. It then says that whether the theory of constructive receipt is applicable as to the first condition set out in the section, it certainly is as to the second. We agree with the petitioner on both points, as we did in a substantially identical situation presented in Michael Flynn Mfg. Co., 3 T.C. 932. Upon the authority of that case, the respondent is reversed on the issue submitted. Decision will be entered under Rule 50. Footnotes
1. Sec. 24, Items Not Deductible. (c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued - (1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and (2) If by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b). * * * * *
(b) Losses from Sales or Exchanges of Property. (1) Losses disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - * * * * *
(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual; * * * * *
(2) Stock-ownership, family, and partnership rule. - For the purposes of determining in applying paragraph (1), the ownership of stock - * * * * *
(B) An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family; * * * * *↩