M. W. Turner, Sr. v. Commissioner. M. W. Turner, Jr. v. Commissioner.
Turner v. Commissioner
Docket Nos. 3157 and 3158.
United States Tax Court
1944 Tax Ct. Memo LEXIS 27; 3 T.C.M. (CCH) 1240; T.C.M. (RIA) 44380; November 29, 1944
*27 S. P. Cain, Esq., for the petitioners. F. L. Van Haaften, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: These consolidated proceedings involve the transferee liability of each of the petitioners as transferees of the M. W. Turner Hardware Company as follows: Declared Value
Income
Excess-Profits
Tax
Tax
1938
$ 794.67
$ 549.81
1939
503.60
116.82
1940
476.64
65.38
$1774.91
$ 732.01
1774.91
Total
$2506.92
The sole contested issue is whether the salaries accrued on the books of the M. W. Turner Hardware Company in the taxable years to M. W. Turner, Sr., and M. W. Turner, Jr., its two stockholders and principal officers, and to Eugenia Turner, its bookkeeper, are not deductible by reason of section 24 (c) of the Revenue Act of 1938 and the Internal Revenue Code. All other issues raised by the petition were abandoned by the petitioners. Findings of Fact M. W. Turner Hardware Company was a corporation organized in 1934 under the laws of the State of Georgia. It was engaged in selling hardware and furniture on the installment plan at retail. The authorized and outstanding capital stock was 100 shares of the *28 par value of $100. M. W. Turner, Sr., during the taxable years, was president of the company and owned 75 shares of its capital stock. M. W. Turner, Jr., the son of M. W. Turner, Sr., was secretary and treasurer of the corporation during that period, and owned 25 shares of its stock. Eugenia Turner, the daughter of M. W. Turner, Sr., and sister of M. W. Turner, Jr., was bookkeeper for the company. The company was on an accrual method of accounting while the individuals were on the cash basis. In each year, commencing with the year 1936 and continuing through the taxable years, the petitioners and Eugenia Turner agreed to draw only small amounts as salaries during each such year, and at the end of the year to fix the amounts of the salaries for that year. These salaries, in effect, were then credited to petitioners and Eugenia Turner, respectively, without restrictions. At the same time, interestbearing notes were given to each petitioner and Eugenia Turner, to cover the additional amount thus credited. At the end of the next succeeding year, to and including 1939, the note of the preceding year was destroyed and a new note for the combined amounts was issued. [1] These notes had *29 a fair market value, equal to their face value. In addition, for the year 1940 a check was issued on February 28, 1941, to each petitioner for the additional amount of salaries fixed and credited at the end of 1940. The checks were endorsed by the respective payees to the corporation and each then received an interestbearing note for the face amount of the check. The amounts of such salaries for the taxable years were as follows: M. W.
M. W.
Eugenia
Year
Turner, Sr.
Turner, Jr.
Turner
1938
$2,500
$1,500 $800
1939
1,500
1,500
1940
1,500
1,500
At the end of each of the taxable years, when the salaries were fixed and credited without restriction to the respective petitioners, the company did not have sufficient cash to pay such salaries. At such dates, however, the company was solvent and able to borrow the funds to meet these credits. The balance sheet of the company for the taxable years was as follows: Assets
12/31/38
12/31/39
12/31/40
Cash
$ 1,593.06
$ 200.73
$ 210.68
Accounts Receivable
21,736.15
32,669.21
36,071.29
Inventory
9,598.01
10,168.90
9,752.89
Furniture, Fixtures, Autos & Trucks
Less Reserve for Depreciation
2,935.59
2,900.00
3,650.00
Total Assets
$35,862.81
$45,938.84
$49,684.86
*30 Liabilities & Net Worth
12/31/38
12/31/39
12/31/40
Notes Payable
$ 4,300.00
$ 5,050.00
$ 497.75
Accounts Payable
4,086.17
7,872.20
13,033.44
Due Officers
14,100.00
17,100.00
20,100.00
Depreciation for Reserve
1,423.33
1,746.66
Reserve for bad debts
972.34
Capital stock
10,000.00
10,000.00
10,000.00
Surplus
3,376.64
3,520.97
4,307.01
Total Liabilities and Net Worth
$35,862.81
$45,938.84
$49,684.86
In each of the taxable years each petitioner returned as gross income the amounts thus credited to them respectively as salaries at the close of such years. The M. W. Turner Hardware Company was dissolved as of June 30, 1941. Each petitioner then surrendered to the corporation his shares of the capital stock and his notes, assumed the liabilities of the company, and received the assets of the company. At no time during its existence did the M. W. Turner Hardware Company declare any dividends on its capital stock. Opinion The only issue submitted is whether the respondent properly disallowed, under section 24 (c) of the Revenue Act of 1938, and the Internal Revenue Code, [2] the amounts credited as salaries to M. W. Turner, Sr., and M. W. Turner, *31 Jr., its sole stockholders and officers, and to Eugenia Turner, in the taxable years. The M. W. Turner Hardware Company was engaged in selling hardware and furniture on the installment plan. The nature of its business required the use of considerable money to carry its inventory. Consequently, with its small capital investment, its cash on hand was never substantial. During each of the taxable years the three Turners had each drawn only small amounts as salaries. At the end of each of those years their additional salaries were fixed and the amounts credited to them on the books of the company without restriction as to their withdrawal. Though the company did not then have sufficient cash on hand to meet these withdrawals had they been demanded, the record shows that the company was completely solvent and could have borrowed the money if required. Instead of demanding that action, each of the Turners then loaned the amount of the credit to the company and received as evidence thereof an interestbearing note. On such record we think the petitioners constructively received the contested salaries for each of the taxable years, and Eugenia Turner for 1938, under section 24 (c) (2), supra. *32 Michael Flynn Manufacturing Co., 3 T.C. 932. Accordingly these salaries are deductible by the M. W. Turner Hardware Company in the computation of its taxes for the respective years involved under section 23 (a) of the Revenue Act of 1938 and the Internal Revenue Code. *33 We find no merit in the respondent's contention on brief that the "so called" salaries deducted by the company were in effect distributions of earnings of the corporation. The two officers, devoting all their time to the affairs of the corporation, were entitled to a reasonable salary. The respondent, in his deficiency notice, or at the hearing, made no claim that the amounts fixed were unreasonable. There is nothing in this record to justify our holding that the amounts represented anything except legitimate salaries for services rendered. The petitioners have agreed that in the event any deficiencies in either income or declared value excess-profits tax are found to be due from the M. W. Turner Hardware Company for any of the taxable years involved, each petitioner is liable as transferee for such deficiencies. To the extent that any deficiencies are found to be due from the M. W. Turner Hardware Company by reason of the other adjustments made by the respondent which were not contested, we hold that each petitioner is liable therefor as transferee. Decisions will be entered under Rule 50. Footnotes
1. These credits and notes to Eugenia Turner were given only in 1937 and 1938.↩
2. Section 24 (c) of the Revenue Act of 1938 is identical with section 24 (c) of the internal Revenue Code. It reads as follows: (c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued - (1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).↩