OHIO BATTERY & IGNITION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3074. Promulgated June 19, 1945.

*Albert A. Arbaugh, Esq.*, for the petitioner.
*Melvin S. Huffaker, Esq.*, for the respondent.

286

OPINION.

DISNEY, *Judge*: The question presented is, are the provisions of section 24 (c) of the Internal Revenue Code [1] applicable to the facts here, thus prohibiting the deductions for income tax purposes of the unpaid

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

\* \* \* \* \* \* \*

(c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).

salary balances credited to petitioner's officers for the years 1940 and 1941?

It is uncontroverted that the contentions set forth in subdivisions (1), (2), and (3) of section 24 (c) must coexist in order to prevent such deductions. Petitioner concedes the applicability of subdivision (3), but contends (a) that the crediting of the unpaid part of the salaries to its officers' accounts constitutes, under the facts here, constructive payment thereof within the years of accrual and thus renders inapplicable subdivision (1) both as to 1940 and 1941; and (b) that the issuance of its notes on March 10, 1942, for the unpaid balances at that time of the 1941 salaries constitutes payments of such balances within two and one-half months after the close of the year of accrual, thus rendering inapplicable subdivision (1) for the year 1941, regardless of petitioner's contention (a). If petitioner's contention (a) is sound, the deductions are allowable for both 1940 and 1941. *Michael Flynn Manufacturing Co.*, 3 T. C. 932 (appeal dismissed; acquiescence by Commissioner). If its contention (b) is sound, the deductions are allowable for 1941, irrespective of petitioner's contention (a).

Respondent's position is that neither of petitioner's contentions (a) and (b) is valid and that hence the deductions in question are not allowable in either 1940 or 1941.

Petitioner's claim of constructive payment under its contention (a) is premised on what it contends was constructive receipt by its officers in the respective years 1940 and 1941 of the unpaid balances of the accrued salaries credited to them on petitioner's books. In respect of this contention it may be observed that, if there was constructive receipt by petitioner's officers as above claimed, subdivision (2) of section 24 (c) would not apply for the reason that the amounts so credited would be includible in the officers' gross incomes in the years of accrual thereof by petitioner because of the officers' method of accounting. *Michael Flynn Manufacturing Co., supra.* In such event it would be unnecessary to consider whether subdivision (1) of section 24 (c) is applicable in respect of petitioner's contention (a).

We shall therefore first consider whether petitioner's officers constructively received the unpaid balances of their salaries credited to them in the years 1940 and 1941. Pertinent to such consideration is the query whether, under the facts here, the compensation was credited to petitioner's officers without substantial limitations or restrictions as to the time, manner, or condition upon which payment was to be made, and might, therefore, have been withdrawn by them at any time during the year in which it was credited. The language of the crediting entries indicated no such limitations or restrictions, and there was none; nor was there any understanding or agreement that the amounts could not be drawn at any time.

While the petitioner did not have sufficient cash on hand for such payment, its credit with the bank would have enabled it to borrow the required amount therefor. Sanford S. Lazarus, president and treasurer of petitioner, testified in effect that petitioner did not have the ready cash on hand to pay the amount in question; and while it could not have been paid immediately, without borrowing, it could have been paid "possibly 30 days later." He also testified that "We [he and his brother] didn't want to strip the corporation of any. * * * At that particular time, we didn't need it for our own income. We were both able to navigate on what we were drawing." In our opinion, such lack of ready cash and disinclination on the part of the brothers to strip the corporation of its cash, and lack of need of money on their part are insufficient to overcome the uncontradicted fact that the crediting was without restriction, with no agreement or understanding that the amounts could not be drawn. They were available to the two officers, had they so desired. Lack of ready cash, particularly considering the strong credit position of the petitioner, does not defeat constructive receipt. *Valley Tractor & Equipment Co.*, 42 B. T. A. 311; *Saenger, Inc.* v. *Commissioner*, 84 Fed. (2d) 23; *Jacobus* v. *United States*, 9 Fed. Supp. 46 (Ct. Cls.).

Other than as to the lack of ready funds, we are unable to distinguish this case in pertinent principle from *Michael Flynn Manufacturing Co.*, *supra*, where there was unrestricted credit of accrued amounts, and we found constructive receipt and allowed the deduction. The Commissioner's appeal was dismissed February 7, 1945, and acquiescence announced May 11, 1945. *P. G. Lake, Inc.*, 4 T. C. 1, is not applicable, for therein the amounts of interest involved were not credited to the account of the proposed payee and were not payable in the taxable year. We hold that there was constructive receipt of the salaries in both 1940 and 1941. Hence, the amount of the undrawn salaries was includible by the officers in their reports for income tax purposes for these years, and, therefore, subdivision (2) of section 24 (c) does not apply, and the Commissioner erred in denying deduction of the amounts accrued and credited.

Our holding above that there was constructive receipt, applying to both taxable years, renders it unnecessary to consider the question of the effect of notes given on March 10, 1942, for the unpaid balance of the salaries accrued for 1941.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

SMITH, *J.*, concurs only in the result.

———

HILL, *J.*, dissenting: The conclusions reached by the majority herein are stated to be supported by the case of *Michael Flynn Mfg. Co.*,

3 T. C. 932; appeal dismissed. I think that decision is sound, but in my opinion it is not authority for the result reached in the present case. The facts in that case amply warranted a finding that the salaries in question were credited to the accounts of the officers without restriction and that the officers of the company deliberately refrained from withdrawing the amounts so credited. The financial condition of the taxpayer was such that the moneys so accrued and credited to the accounts of the officers were theirs for the asking. Under those circumstances we held that those sums were constructively received by the officers and, therefore, section 24 (c) (2) did not apply. In the present case it is my opinion that the facts show that at the time the salaries were credited it was agreed between petitioner and the officers-creditors that these sums were not to be payable within the years of accrual. This restriction was not present in the *Michael Flynn Mfg. Co.* case.

In the majority opinion it is found as a fact that there was no understanding or agreement that the salaries credited to the accounts of the officers could not be withdrawn at any time the brothers desired to do so, that it was understood that the salaries were available to the two brothers at any time. That conclusion is used to support the ultimate finding that the amounts credited to the accounts of the Lazaruses were constructively received by them and therefore were properly includible in their income for the tax years in question and section 24 (c) (2) is not applicable. I can not agree that such finding and conclusion are supported by the evidence. It is clear that petitioner through the Lazaruses, acting in their capacity as officers in absolute control of petitioner, agreed with the Lazaruses as creditors that no money or other property was to be made available for payment of these amounts within the year of accrual. Petitioner's president testified that, without borrowing, these amounts could not have been paid within the year of accrual, but possibly could have been paid without borrowing within thirty days thereafter. He further testified that he and his brother did not want to strip the corporation of any cash because they did not need it. To me the conclusion is inescapable that it was the understanding and intention of petitioner, acting through the Lazaruses as its officers, and the intention of the Lazaruses, as petitioner's creditors, that the unpaid part of the salaries should not be paid in the year of accrual. Such understanding and intention constituted an agreement between petitioner and its officers-creditors that the unpaid salaries would not be payable within the years of accrual. In my opinion a more effective or more comprehensive restriction against payment could not have been imposed. In the face of such arrangement it seems to me obvious that the bookkeeping entries can not be held to reflect truthfully an unrestricted crediting

ot the salaries. It would appear equally obvious that a finding that there was no restriction against withdrawal of the moneys is not supported by the evidence.

In view of the definition contained in the regulations as to what constitutes constructive receipt, it is my opinion that the agreement between petitioner and its officers is a sufficient restriction on the right of the officers to withdraw the amounts to justify a finding that these sums were not properly includible in their incomes for the tax years in question.

ARUNDELL, *J.*, agrees with this dissent.