National Creations, Inc. et al. [1] v. Commissioner. National Creations, Inc. v. Commissioner
Docket Nos. 34994, 34995, 34996.
United States Tax Court
1953 Tax Ct. Memo LEXIS 362; 12 T.C.M. (CCH) 182; T.C.M. (RIA) 53062; February 20, 1953
William J. Reinhart, Jr., Esq., for the petitioners. Robert Margolis, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in the income taxes of National Creations, Inc., of $1,221.90 for 1945, $3,890.86 for 1946 and $972.44 for 1947 and he also determined that Louis E. Pakula and Jerry Rappaport are liable for those deficiencies as transferees of the assets of the taxpayer. There are two issues for decision (1) whether deductions for officers' salaries taken by the taxpayer for 1946 and 1947 are prohibited *363 by section 24 (c) and, (2) what are reasonable allowances for salaries of the officers of the taxpayer for 1946 and 1947 for personal services actually rendered by them. Findings of Fact National Creations, Inc., was incorporated under the laws of New York in 1941. Its returns for the taxable years were filed with the collectors of internal revenue for the Second and Third Districts of New York. Pakula was president, Rappaport was treasurer, and Alexander Greene was secretary of National. They each owned one-third of its stock until May 1948 and they were also equal one-third partners in Du Barry Novelty Company until May 1948, at all times material hereto. Pakula and Rappaport bought out Greene's interest in National and in Du Barry in May 1948. National was engaged, during 1946 and 1947, in manufacturing and boxing costume jewelry. Du Barry was its only customer. Du Barry fixed the style and quantity of and sold the products manufactured by National. The three officers and partners managed the business of both during the taxable years. National carried on its operations partly in New York and partly in Providence, Rhode Island. The metal was assembled and the novelty jewelry *364 was fabricated or stamped out, cleaned, buffed and plated in Providence. The semi-finished jewelry was sent to New York where National set stones, attached pins, clasps and chains as necessary, placed the jewelry on cards, wrapped it and turned it over to Du Barry. National had an average of 18 employees in Providence and 40 to 50 in New York during the taxable years. Du Barry and National had but one administrative office and shared the same space in New York. The operations in New York were managed principally by Rappaport. He laid out the work, distributed it among the help, saw that it was done properly, helped do it and in general made sure that things went well. He occasionally went to Providence if Pakula or Greene was ill or on the road. Greene had charge of the operations in Providence. Pakula divided his time between New York and Providence. His work in Providence was entirely for National but his time in New York was divided between National and Du Barry. He worked six days a week during 1946 and 1947, including long hours during the summer months and at other times when it was necessary. He did most of the selling for Du Barry but the other two did a small amount. *365 Du Barry had no other salesmen. Most of the selling was in New York but a small amount was in Providence. Pakula spent about 85 per cent of his time with National and about 15 per cent with Du Barry. Rappaport gave National about 40 per cent of his time and Du Barry 60 per cent. Greene spent practically all of his time with National. National kept its books and made its returns on an accrual calendar year basis. The three stockholders reported their incomes on the cash basis. National credited salaries of $5,000 to each of the officers by entries on its books dated December 31, 1946. Each reported the $5,000 as income for 1946 and paid the tax thereon. Those amounts were not paid within 1946 or within 2 1/2 months after the close of that year. National credited salaries of $3,000 to each of the officers by entries on its books dated December 31, 1947. Each reported the $3,000 as income for 1947 and paid the tax thereon. Those amounts were not paid within 1947 or within 2 1/2 months after the close of that year. The Commissioner, in determining the deficiencies, held that deduction of the salaries was barred by section 24 (c). He also determined that the amounts of the *366 salaries were excessive. The officers' salaries mentioned above for 1946 and 1947 were unqualifiably subject to the demand of the officers without restriction as to time or manner of payment or condition upon which payment was to be made. The corporation was able to pay them. They were constructively received by the three individuals at the time they were credited on the books of the corporation. The salaries were reasonable in amount. The facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The individual petitioners admit that they are liable as transferees for any taxes due from the taxpayer. There is no issue for decision relating to 1945 except as a loss for a later year may produce a carry-back. The first issue for decision is whether the taxpayer is to be denied a deduction for officers' salaries under section 24 (c). Those salaries were not actually paid during the taxable year to which they applied or within 2 1/2 months after the close of that year. However, three conditions must co-exist if deductions otherwise allowable are to be disallowed because of section 24 (c). One of those is that the amount of the unpaid salary *367 is not includible in the gross income of the officer for the taxable year unless actually paid because of his method of accounting. That condition is not present in this case. Each of these officers reported his salary for each year as he was required to do under the circumstances. Each received his salary constructively in the year in which it was credited to him on the books of the corporation because it was then unqualifiably subject to his demand without reservations or restrictions of any kind, each could have withdrawn his salary, and the corporation was in position to pay it. Section 24 (c) does not apply. Ohio Battery & Ignition Co., 5 T.C. 283; Michael Flynn Manufacturing Co., 3 T.C. 932. The Commissioner disallowed the entire deduction of $15,000 claimed for 1946 and the entire deduction of $9,000 claimed for 1947. He did that because of the provisions of section 24 (a). He made no determination of what would be reasonable allowances for salaries. The corporation had paid no salaries for 1944 and 1945, although the corporation had net profits for each of those years. The amounts are not large. These three men were almost entirely responsible for *368 the success of the corporation. All of the factors disclosed by the stipulation, including the fact that the corporation paid no dividends, have been taken into account and a conclusion has been reached that the salaries as determined and credited by the corporation for each year were reasonable in amount. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Louis E. Pakula, Docket No. 34995; Jerry Rappaport, Docket No. 34996.↩