OPINION. Opper, Judge: In order to sustain respondent’s disallowance of petitioner’s rental deduction all three elements of section 24 (c), Internal Revenue Code, must be present.[1] Akron Welding & Spring Co., 10 T. C. 715. Granting that constructive receipt by the payee would not constitute constructive payment by petitioner under subsection (1), P. G. Lake, Inc., 4 T. C. 1, affd. (C. A. 5) 148 F. 2d 898; Granberg Equipment, Inc., 11 T. C. 704, the amount would nevertheless be in-cludible in the payee’s income under subsection (2), Michael Flynn Mfg. Co., 3 T. C. 932; cf. Anthony P. Miller, Inc., 7 T. C. 729, revd. (C. A. 3) 164 F. 2d 268, and hence noncompliance with the conditions of subsection (2) would render the item deductible. And it is not fatal even to the doctrine of constructive receipt that petitioner failed to make the cash immediately available for payment, where, as here, payment could have been accomplished by some means. Ohio Battery & Ignition Co., 5 T. C. 283. On this approach it matters little whether we refer to the credit on petitioner’s books as constructive receipt, see Acer Realty Co., 45 B. T. A. 333, affd. (C. A. 8) 132 F. 2d 512, or as actual receipt and payment because the credit had the effect of canceling the payee’s debt. Clarke v. United States, (C. A. 3) 189 F. 2d 101; Estate of W. P. Graff et al., 9 B. T. A. 1116; see William H. Stayton, Jr., 32 B. T. A. 940, 943; Lorenzo C. Dilks, 15 B. T. A. 1294. It was the one or the other. In either event the requirement of inclusion in the payee’s income under subsection (2) would be accomplished and under the doctrine of the Flynn case section 24 (c) would become inapplicable, requiring allowance of the deduction. Reviewed by the Court. Decision will he entered for the petitioner. SEC. 24. ITEMS NOT DEDUCTIBLE. * * * * * * * (c) Unpaid Expenses and Intbkbst. — In computing net income do deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued— (1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment Is to be made, the amount thereof is not, unless paid, includible in the gross Income of such person for the taxable year In which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the persoiTTo whom the payment Is to be made are persons between whom losses would be disallowed under section 24 (b).