A. E. MacAdam & Co., Inc., v. Commissioner.
A. E. MacAdam v. Commissioner
Docket No. 5301.
United States Tax Court
1945 Tax Ct. Memo LEXIS 145; 4 T.C.M. (CCH) 670; T.C.M. (RIA) 45227; June 25, 1945
Edward H. Lockwood, Esq., 165 Broadway, New York City, and David F. Cohen, Esq., for the petitioner. Scott A. Dahlquist, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This proceeding involves deficiencies in tax for the calendar year 1941 as follows: Income tax
$1,693.75
Declared value excess profits tax
1,283.80
Excess profits tax
2,978.30
Substantially the entire amount of the deficiency is contested. Petitioner alleges that the respondent erred in his determination of the deficiencies by disallowing the deduction from gross income of $9,351.25 representing officers' salaries credited to officers during 1941 and remaining unpaid two and one-half months after the close of that calendar year. Findings of Fact The petitioner is a corporation organized in 1919 under the laws of the State of New York, which filed a corporation income and declared value excess profits tax return and a corporation excess profits tax return for 1941 with the collector of internal revenue for the first district of New York. Its business is the jobbing and wholesaling of paper and twine. Its books are *147 kept on the accrual basis. During the taxable year the officers of the petitioner were as follows: Alfred E. MacAdam, Sr., president and treasurer Alfred E. MacAdam, Jr., vice president Alfred E. MacAdam, III, secretary During 1941 the entire stock of the petitioner was owned by the above-named officers. The percentage of stock owned by each was as follows: Alfred E. MacAdam, Sr.
51
Alfred E. MacAdam, Jr.
42.7
Alfred E. MacAdam, III
6.3 These three stockholders also constituted petitioner's board of directors. On July 17, 1941, petitioner's board of directors passed a resolution by which the salaries of Alfred E. MacAdam, Jr., as vice president, and Alfred E. MacAdam, III, as secretary, were fixed at $12,000 and $7,500, respectively, for the calendar year 1941 and for each year thereafter. The resolution further provided that both officers should continue to draw the same weekly salary as theretofore and that the additional salary due to them by reason of the resolution should be paid to them at the end of the calendar year. No limitation, condition or oral understanding was attached to the aforesaid resolution. On December 31, 1941, there was credited *148 to the accounts of Alfred E. MacAdam, Jr., and Alfred E. MacAdam, III, the sum of $9,901.25. representing the difference between the salaries voted pursuant to the resolution of July 17, 1941, and the salaries actually drawn by these officers up to that date. During the first two and one-half months of 1942, $550 of such credit was paid over to Alfred E. MacAdam, Jr., and Alfred E. MacAdam, III, leaving $9,351.25 which was not paid to them in cash prior to March 15, 1942. Since that date and during the years 1942 and 1943 the entire balance of such salaries, to-wit, $9,351.25, has actually been withdrawn by the officers entitled thereto. Of said sum of $9,351.25 of officers' salaries for the year 1941 credited on December 31, 1941, and remaining undrawn by the respective officers on March 15, 1942, the sum of $4,891.25 remained credited to the account of Alfred E. MacAdam, Jr., $4,460 to the account of Alfred E. MacAdam, III, and these amounts were included by each of the aforesaid individuals in his respective income tax return as income for the year 1941 and income taxes, both normal and surtaxes, were paid thereon. The individual income tax returns of Alfred E. MacAdam, Jr. *149 , and Alfred E. MacAdam, III, for the year 1941 were prepared on a cash basis and included as income received the respective salaries provided by the resolution of July 17, 1941, to-wit, $12,000 for Alfred E. MacAdam, Jr., and $7,500 for Alfred E. MacAdam, III, and all taxes due thereon were paid. On December 31, 1941, and during the first two and one-half months of 1942 the officers involved were in a position to demand salaries which had been voted to them and credited to their accounts. The reason for not withdrawing the salaries and receiving them on December 31, 1941, or within two and one-half months thereafter, was because the officers involved had no need for the cash and decided that there was no better place to leave the money than in their own business. On December 31, 1941, petitioner was in a sound financial condition. Its balance sheet as of that date shows: a. Total assets
$558,295.95
b. Capital and surplus
345,084.20
c. Current assets: Cash on hand
$ 2,056.86
Accounts receivable after deduc-
tion of reserve
145,419.24
Merchandise inventory
150,870.10
Total
$298,346.20
d. Current liabilities: Trade acceptances
$ 3,768.64
Accounts payable
125,647.17
Accrued taxes and expenses
24,352.01
Accrued salaries
9.901.25
Accounts receivable
542.68
Mortgage payable
7,000.00
Total
$171,211.75
*150 During December, 1941, and during the first two and one-half months thereafter, petitioner was in a position to obtain a bank loan, or to withhold payments of accounts payable, or to discount accounts receivable for the purpose of paying its officers' salaries in cash if they had desired such payment. In its income tax return for 1941 the petitioner deducted from gross income the entire amount of the salaries accrued upon its books of account to the above-named officers. The deduction of $9,351.25 of those salaries was disallowed by the respondent in the determination of the deficiencies for the reason that they remained "unpaid two and one-half months after the close of 1941." Opinion The question presented by this proceeding is whether the petitioner is entitled to deduct from the gross income of 1941 the entire amount of salaries due Alfred E. MacAdam, Jr., and Alfred E. MacAdam, III, earned by them in that year. The respondent has disallowed the deduction of such portion of those salaries as was not withdrawn by the officers at December 31, 1941, or within two and one-half months after the close of the calendar year. The disallowance was made pursuant to the provisions *151 of section 24(c), Internal Revenue Code, which provides as follows: (c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued - (1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b). Section 29.42-2 of Regulations 111 provides as follows: Income Not Reduced to Possession. - Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during *152 which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. * * * In Corliss v. Bowers, 281 U.S. 376, it was stated: * * * The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not. * * * In Union Guardian Trust Co. v. Burnet (C.A.D.C.), 64 Fed. (2d) 712, the court said: * * * Undoubtedly the rule is that income earned in a particular year and allocated to a taxpayer, and which he has right to withdraw, is subject to the tax for that year whether he actually receives it or not. * * * We do not think there can be any question that if the respondent were contending that *153 the two officers of the corporation were taxable upon the salaries earned by them in their returns for the calendar year 1941 the contention of the respondent as to taxability would have to be sustained under his regulation and upon the facts presented by this proceeding. Unquestionably the officers could have obtained payment of the full amount of their salaries on December 31, 1941, if they had seen fit to receive payment. A person making his return on a cash receipts and disbursements basis may not escape tax liability on the full amount of compensation earned by him during a taxable year simply because he refuses of neglects to receive his pay. In Musselman Hub-Brake Co. v. Commissioner (C.C.A., 6th Cir.), 139 Fed. (2d) 65, the purpose of Congress in incorporating this provision into the law was explained in detail. The Treasury had discovered the fact that in some cases close corporations keeping their books of account upon the accrual basis accrued salaries of officer stockholders and got the benefit of the deduction and the stockholders making their returns on a cash basis might for several years fail to receive the accrual salaries. In some cases such accrued *154 salaries were never paid over to the officers. Section 24 (c) was designed to put a stop to such procedure. It was pointed out that in the ordinary course of procedure accrued liabilities for salaries would be liquidated within two and one-half months after the close of the taxable year. If they were not the corporation was not to have the benefit of the deduction. In the instant proceeding the stockholders were in a position to demand payment of their accrued compensation for 1941 in that year. In their income tax returns they reported as income the full amounts of the compensation earned by them. In this situation we think that the petitioner corporation is entitled to deduct the amounts of accrued salaries. Cf. Lenox Clothes Shops, Inc. v. Commissioner (C.C.A., 6th Cir.), 139 Fed. (2d) 56; Ohio Battery & Ignition Co., 5 T.C. 283, promulgated June 19, 1945. Decision will be entered under Rule 50.