## P. G. LAKE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1630. Promulgated September 15, 1944.

*Harry C. Weeks, Esq.,* for the petitioner.
*Loyal E. Keir, Esq.,* for the respondent.

1

OPINION.

ARUNDELL, *Judge*: The sole question here involved is whether the deduction of accrued interest otherwise allowable by section 23 (b) of the Internal Revenue Code is barred by the provisions of section 24 (c).[1] The latter section operates to prohibit the deduction of accrued interest where three specified circumstances coexist. *Michael Flynn Manufacturing Co.*, 3 T. C. 932. Under the method of accounting employed by Lake the amount of interest sought as a deduction in this proceeding by petitioner was not reported or reportable by Lake in his 1939 return. The petitioner and Lake are "persons between whom losses would be disallowed under section 24 (b)." The petitioner, however, contends that the amount in question was "paid within the taxable year or within two and one-half months after the close thereof." If this contention is sound the determination of the Commissioner must fall, for one of the essentials specified in section 24 (c) is absent; otherwise the determination must be sustained. *Fincher Motors, Inc.*, 43 B. T. A. 673.

There was, as is apparent, no actual payment in cash or otherwise within two and one-half months after the close of 1939. Petitioner bases his contention upon the theory that there was a constructive payment. The statute, however, is plain in the requirement that the amount must be "paid." There is nothing in either the words of the statute or in its legislative history[2] to indicate that anything less than actual payment is sufficient. The whole purpose of the statute is to prohibit the deduction of accrued but unpaid amounts owing to one in control of a corporation. To hold that the expenses are deductible merely if accrued and within the control of the creditor is nothing less than to ignore the statute completely, because this is

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).

[2] Report of Joint Committee on Tax Evasion and Avoidance, 75th Cong., 1st sess., p. 15; Report of Committee on Ways and Means, 75th Cong., 1st sess., p. 29; Report of Finance Committee, 75th Cong., 1st sess., p. 31.

precisely the type of situation the statute envisages. Petitioner relies upon *Musselman Hub-Brake Co.* v. *Commissioner*, 139 Fed. (2d) 65, in this connection. Although certain language in that case may be taken to lend support to the position of petitioner, the decision would seem to be based fundamentally upon the fact that notes of a cash value equal to the deduction claimed by the debtor were issued within the limited period. That circumstance is not present in this case.

Further, the facts of this case do not warrant the application of the doctrine of constructive payment, were such considered to be a sufficient compliance with the statute: "Constructive payment is a fiction applied only under unusual circumstances * * *." *Fincher Motors, Inc., supra.* In that case the president of a corporate taxpayer was entitled to a bonus for the year 1939. The amount of the bonus was ascertained after the close of the year and the board of directors determined the amount to be due and payable and ordered the payment "forthwith." Except for a minor portion, the amount was not actually paid until after the expiration of the two and one-half month period, although the corporation at all times in that period had sufficient cash available to pay the bonus. The corporation contended that there was a constructive payment of the amount within the taxable year or within the two and one-half months after the close thereof, but the contention was rejected. That case is perhaps stronger on the facts than the present, inasmuch as there the amount had been ordered to be paid forthwith to the creditor. Here there is nothing more than a mere accrual of the amount due upon the books of the corporation. The amount was not ordered to be paid, nor was it credited to Lake on the books of the petitioner, nor was there any other manifestation of intention on the part of petitioner to put the amount beyond its control and within the control of Lake. It may be noted that the Circuit Court of Appeals for the Sixth Circuit in the *Musselman Hub-Brake* case was careful to point out that "the notes with a readily realizable value of par were more than a mere accrual of indebtedness on the books of petitioner."

Petitioner, arguing from the *Michael Flynn Manufacturing Co.* case, contends that the amount here in question was constructively received prior to March 15, 1940, wherefore, it must be held to have been likewise paid within that period. However, the fact that an amount is deemed to have been constructively received does not compel the conclusion that it was also "paid" within the meaning of the statute. *Cox Motor Sales Co.*, 42 B. T. A. 192. Nor does the *Michael Flynn Manufacturing Co.* case suggest that an amount includible in gross income under subdivision (2) is to be considered "paid" under subdivision (1). In fact, the instant case is not within

the rule of *Michael Flynn Manufacturing Co.* There the attention of the Court was directed exclusively to subdivision (2) of section 24 (c), dealing with the situation where an unpaid amount is "includible in the gross income" of the creditor for the taxable year in which or with which the taxable year of the taxpayer ends. In the instant case the amount sought as a deduction was not due and payable to Lake until after the close of his taxable year which, with that of petitioner, ended December 31. Therefore, it could not have been includible in his gross income for that year.

The petitioner contends alternatively that the amount of interest accrued on December 31, 1939, was actually paid within the two and one-half month period to the extent of advances to Lake in that period amounting to $32,226.89. However, it is apparent from the treatment of this account by the parties that it was not considered a payment of the accrued interest, but was an entirely separate item. No offset against the account payable to Lake was employed as the advances were made or when Lake was paid the accrued interest. On May 17 the entire amount due Lake on account of accrued interest for the year 1939 was paid by check and then he in turn paid the amount he owed to petitioner by check. This was the consistent policy in the treatment of the two accounts. Counsel for petitioner states on brief that "The whole course of dealings show that he intended that one account would off-set the other to the extent of the smaller account." We think the whole course of dealing shows clearly the exact opposite.

We hold, therefore, that the determination of the Commissioner must be sustained in so far as the deduction of interest in the amount of $55,844.45 is concerned.

Reviewed by the Court.

*Decision will be entered under Rule 50.*