The Bellows Company, formerly The Bellows Claude-Neon Company v. Commissioner.
Bellows Co. v. Commissioner
Docket No. 3477.
United States Tax Court
1945 Tax Ct. Memo LEXIS 219; 4 T.C.M. (CCH) 443; T.C.M. (RIA) 45145; April 25, 1945
*219 Petitioner, on an accrual basis, credited to its president the full amount of his salary for the taxable year and paid in cash only part thereof. The president included the full amount in his gross income and paid taxes accordingly. Petitioner had on hand or available ample funds to have paid the full salary. Held, the amounts credited were constructively paid and were includible in the gross income of the company's president. Held, further, conditions of section 24 (c), Internal Revenue Code, are not satisfied and deductions in the full amounts credited are allowed. Kent H. Meyers, Esq., and Bert D. Bradley, Esq., 1121 N.B.C. Bldg., Cleveland, O., for the petitioner. Cecil H. Haas, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies of $4,197.91 in income tax and $260.51 in declared value excess profits tax for 1941. Four errors were alleged, of which the respondent conceded the first relating to reasonableness of salaries, and of which petitioner conceded the third and fourth relating, respectively, to long-term capital loss and an operating loss deduction. The sole question remaining for our consideration is whether or not petitioner is precluded by section 24 (c), Internal Revenue Code, from deducting *221 $7,000 of the salary and bonus credited to its president, this amount having been disallowed by the respondent as not having been paid in fact. [The Facts] A stipulation of most of the facts was filed. The facts pertinent to the issue are as follows: The petitioner corporation was organized and is existing under the laws of the State of Ohio, with its principal place of business in Akron, Ohio. In 1942 its name was changed from "The Bellows Claude-Neon Company" to "The Bellows Company". Petitioner filed its corporation income and declared value excess profits tax return on an accrual basis, for the calendar year 1941, on March 15, 1942, with the collector of internal revenue for the Eighteenth District of Ohio. On the return petitioner took a deduction for compensation of officers totaling $31,784.63, which included $18,000 for L.F.R. Bellows, its president, consisting of a salary of $6,000 and a bonus of $12,000 for the year 1941. The bonus of $12,000 was authorized by directors' resolution adopted on December 16, 1941. Bellows' salary totaling $6,000 was credited to his account on the books of the petitioner monthly during 1941 and the bonus was not withdrawn by him *222 during 1941 but was credited to his account on December 31, 1941. The accrued balance in Bellows' account on December 31, 1941, was $12,395.38. From January 1 to March 15, 1942, the total withdrawals therefrom were $6,548.75 and total credits thereto were $2,135.30. Included in the withdrawals, totaling $6,548.75, were a withdrawal of $395.38 on January 21, 1942, and a withdrawal of $5,000 on February 5, 1942. By the end of July 31, 1942, a total of more than $12,395.38 had been withdrawn by Bellows from the account, excluding all credits thereto. As of December 31, 1942 the accrued balance in the account was $112.99. Since 1933, L.F.R. Bellows has been president and general manager of petitioner and since 1934 has owned 85 per cent of its stock. Petitioner's balances of cash on hand, including bank accounts, were as follows: December 31, 1941
$ 6,059.11
January 31, 1942
25,873.04
February 28, 1942
25,735.02
March 31, 1942
21,589.50
April 30, 1942
17,196.64
May 31, 1942
36,042.84
June 30, 1942
60,050.40
July 31, 1942
96,724.70
The petitioner maintained an account with the Central National Bank of Cleveland, Ohio, the balances in which were as follows: *223 December 31, 1941
$ 3,000.00
January 31, 1942
12,500.00
February 28, 1942
15,000.00
March 31, 1942
15,000.00
April 30, 1942
15,000.00
May 31, 1942
25,000.00
June 30, 1942
35,000.00
July 31, 1942
35,000.00 L.F.R. Bellows, president, and E. Meadows, secretary of petitioner, were authorized to make withdrawals from the account upon their joint signatures. Miss Meadows also was Bellows' private secretary, her office being in his office in Cleveland. The manufacturing plant, bookkeeping department, and general banking accounts of petitioner were maintained in Akron. Petitioner had an open line of credit at the First Central Trust Company of Akron, Ohio, to the extent of $25,000, whereby it could borrow money to that extent by executing notes without collateral. Petitioner declared a dividend on December 29, 1941, payable January 29, 1942, of $3.00 per share, totaling $3,000, which was paid on January 29, 1942. Petitioner's current assets and liabilities, including amounts due officers, were as follows: Assets
Liabilities
December 31, 1941
$172,385.10
$61,890.14
January 31, 1942
140,775.58
26,769.78
February 28, 1942
131,797.43
18,408.37
March 31, 1942
137,989.11
24,285.34
April 30, 1942
158,203.45
41,904.34
May 31, 1942
152,445.67
21,296.50
June 30, 1942
155,493.43
19,200.57
July 31, 1942
146,840.50
9,914.61
*224 L.F.R. Bellows, in his individual income tax return filed for the calendar year 1941 on a cash receipts and disbursement basis, reported the salary of $6,000 and bonus of $12,000 as income. The respondent disallowed part of the salary and bonus credited to the petitioner's president on the theory that section 24 (c)[1] applied. This was error. Under the decided cases this salary and bonus was constructively paid to Bellows, the president. It was reported by him and was includible in his taxable income. Musselman Hub-Brake Co. v. Commissioner, 139 Fed. (2d) 65; Celina Manufacturing Co. v. Commissioner, 142 Fed. (2d) 449; Jacobus v. United States, 9 Fed. Supp. 41; Michael Flynn Manufacturing Co., 3 T.C. 932. *225 At all times petitioner was in such financial condition that the salary and bonus could have been collected by Bellows. Bellows was the owner of 85 per cent of the company's stock and in complete control of the company. The company had ample credit to borrow funds, if necessary, to pay the sums credited. The case of P. G. Lake, Inc., 4 T.C. 1, on which respondent relies is easily distinguishable from the facts here present. There the interest which was involved was not due until after the taxable year of both the taxpayer company and it president. The amount was not credited to the president on the taxpayer's books nor was it paid. Lake, the president, did not include it in his return for 1939. We held, on the facts, that the amount of interest was not includible as constructively received in Lake's income for 1939. Clearly this case is not in point. Since all three conditions prescribed by the statute must coexist ( Fincher Motors, Inc., 43 B.T.A. 673, the absence of any one of the three conditions is fatal to respondent's position. Here only the third condition is satisfied. The salary was constructively paid within the taxable period and was includible *226 in Bellows' gross income. Decision will be entered under Rule 50. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * * * *
(c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued - (1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b)↩.