Eckert-Etienne Engineering Corporation v. Commissioner.
Eckert-Etienne Eng'g Corp. v. Commissioner
Docket No. 12715.
United States Tax Court
1949 Tax Ct. Memo LEXIS 294; 8 T.C.M. (CCH) 21; T.C.M. (RIA) 49004; January 14, 1949
*294 Deduction. - Held, that a claimed bonus deduction is not allowable under section 24(c), I.R.C.
George M. Cahalan, Esq., and George J. Kasch, C.P.A., 1604 Russ Bldg., San Francisco, Calif., for the petitioner. Leonard A. Marcussen, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion TYSON, Judge: The respondent has determined against petitioner, for the calendar year 1943, an excess profits tax deficiency of $2,595.41, the greater portion of which is in controversy in this proceeding. The sole issue is whether respondent erred in disallowing, under the provisions of section 24 (c), Internal Revenue Code, a claimed deduction of $3,007.95 for 1943 as additional compensation to petitioner's principal officer and stockholder. This proceeding has been submitted upon the pleadings, testimony and a stipulation of facts including attached exhibits. The stipulation is adopted as part of our findings of fact and included herein by reference. *296 Findings of Fact The petitioner, a California corporation organized on September 14, 1936, maintains its principal office at 1268 Folsom Street, San Francisco, California, and it filed its income and excess profits tax returns for the calendar years 1942 and 1943 with the collector of internal revenue for the first district of California. At all times material here, the petitioner was engaged in the commercial refrigeration business; it maintained its books of account on the accrual method of accounting; and it filed its income and excess profits tax returns on the same basis for the calendar years 1942, 1943, and 1944. Also at all times material here, petitioner's 2,000 shares of outstanding capital stock were owned jointly by L. S. Eckert and his wife, Wilma. L. S. Eckert was petitioner's president and general manager and in sole control of all of its affairs; and his individual income tax returns for the calendar years 1942 and 1943 were filed on the cash basis. At a special meeting of petitioner's board of directors and stockholders on October 7, 1941, there was adopted a resolution providing that L. S. Eckert as president, secretary-treasurer, and general manager of the *297 corporation should draw a yearly salary of $4,000, plus $600 general expense; and in addition should participate, to the extent of 20 per cent, in the net profits of the corporation as established at December 31 of each year. Prior to and during the taxable year involved, L. S. Eckert considered that he owned the petitioner and its business outright and he managed its affairs as he saw fit. During that time petitioner needed every available dollar in its business and for that reason L. S. Eckert, instead of drawing his full salary in cash on regular paydays, followed the practice of making cash withdrawals against his salary at such times and in such amounts as required to meet certain of his personal needs, and in addition thereto he used petitioner's bank account as his own to the extent of having his secretary issue petitioner's checks in payment of his personal bills. The above-mentioned withdrawals by L. S. Eckert were reflected in two separate drawing accounts maintained on petitioner's books, namely, the "Salary Account - L. S. Eckert" to which his regular monthly salary was credited and his actual cash salary withdrawals were debited; and the "L. S. Eckert - Personal Account" *298 to which petitioner's checks in payment of his personal bills were debited. The credit balances in the former account and the debit balances in the latter account as of December 31 of each of several years were as follows: Salary
L. S. Eckert
Account - - Personal
L. S. Eckert
Account
Credit
Debit
Year
Balances
Balances
Dec. 31, 1937
None
$ 166.70
Dec. 31, 1938
Unknown
166.70
Dec. 31, 1939
$1,176.65
166.70
Dec. 31, 1940
1,416.78
295.90
Dec. 31, 1941
909.78
621.86
Dec. 31, 1942
786.66
1,956.02
Dec. 31, 1943
913.46
4,078.25
Petitioner's balance sheet statement as at December 31, 1943 shows an item designated "L. S. Eckert - Personal $4,078.25" carried as an account receivable in petitioner's current assets and, further, an item designated "Salary Account - L. S. Eckert $913.46" car ried as an account payable in petitioner's current liabilities. That balance sheet also shows a surplus in the amount of $3,999.55 on December 31, 1943. From 1937 on, and in connection with its operating expenses, petitioner maintained an account entitled "Salary - Officers" to which only L. S. Eckert's monthly salary accruals were charged and *299 such account was closed to petitioner's profit and loss account as of the end of each year. The "Salary - Officers" account shows monthly charges for L. S. Eckert's salary totaling $4,000 for the year 1943 and further shows charges totaling $900 for the same purpose for the period of the first two and one-half months of 1944. Petitioner's profit and loss statement for the year ended December 31, 1943 shows that with respect to salary or other compensation accruals to L. S. Eckert for that year, only one item "Salary - Officers $4,000" was included in petitioner's operating expenses for the purpose of arriving at its net operating profit for that year. No amount representing a bonus to L. S. Eckert, under the October 7, 1941 resolution, was entered on petitioner's books as an accrued expense to it or as a credit to either of L. S. Eckert's drawing accounts during or as of the close of either of the years 1942 or 1943. On December 30, 1944, the amounts of $2,682.89 and $3,007.95 as bonuses for the years 1942 and 1943, respectively, were charged to petitioner's surplus account as an adjustment for 1942 and 1943 and on the same date such amounts were credited to the drawing account *300 entitled "L. S. Eckert - Personal Account." Such entries were made pursuant to an auditor's instructions so as "To charge operations with bonus covering the years 1942 and 1943, not previously done * * *." Those amounts as bonuses, representing 20 per cent of net profits pursuant to the October 7, 1941 resolution, were first computed on or about August 1944 by an auditor in connection with his preparation of petitioner's 1943 tax return, which was filed on August 15, 1944, pursuant to extensions of time duly granted. The petitioner's 1942 tax return did not claim a deduction in any amount as a bonus due L. S. Eckert under the October 7, 1941 resolution, and his individual return for 1942 did not report any such item as income. On its 1943 income and excess profits tax return, petitioner claimed a deduction of $7,007.95 as compensation paid to L. S. Eckert during that year, consisting of salary of $4,000 and bonus of $3,007.95. As above-stated, such bonus item was not entered on petitioner's books as an expense of its business operations nor credited to the account of L. S. Eckert during or as of the close of 1943 and, further, such bonus was not reported as income on L. S. Eckert's *301 individual tax return for 1943. The bonus in the amount of $3,007.95 was not paid by petitioner within the taxable year 1943 or within two and one-half months after the close thereof and was not accrued on petitioner's books of account until December 30, 1944. Further, under L. S. Eckert's cash method of accounting, the amount of the bonus was not includible in his gross income for 1943 and was not reportable by him on his 1943 income tax return. Opinion The sole issue herein is whether, as determined by respondent, the provisions of section 24 (c) of the Internal Revenue Code[1] are applicable in prohibiting the deduction of $3,007.95 claimed for the calendar year 1943 by petitioner, which was on the accrual basis, in respect to a bonus in that amount credited on December 30, 1944, to the account of its principal officer and stockholder who was on the cash basis and did not report the bonus as income on his individual tax return for 1943. *302 The three subdivisions of section 24 (c), supra, set forth three separate conditions, and all three must coexist in order to make that section applicable in denying a business expense deduction otherwise allowable under section 23 (a) of the Internal Revenue Code. P. G. Lake, Inc., 4 T.C. 1, aff'd 148 Fed. (2d) 898, certiorari denied (1945) 326 U.S. 732, rehearing denied (1945) 326 U.S. 811; Michael Flynn Mfg. Co., 3 T.C. 932 (petition for review dismissed Feb. 7, 1945); The Akron Welding & Spring Co., 10 T.C. 715, 720; and Granberg Equipment, Inc., 11 T.C. 704, Oct. 28, 1948. Petitioner concedes that it and Eckert are "persons between whom losses would be disallowed under section 24 (b)" and thus the existence of the third condition. However, petitioner contends that the first condition does not exist for the reason that the bonus was actually "paid within the taxable year or within two and one half months after the close thereof", and in the alternative that the second condition does not exist for the reason that even if the bonus was not actually paid within the time limit nevertheless *303 it was constructively received by Eckert and therefore "includible in the gross income of such person for the taxable year" 1943. In our opinion the facts do not support petitioner's contention as to the nonexistence of either the first or second condition, for under petitioner's accrual method of accounting it did not recognize any liability for any amount of a 1943 bonus to Eckert until the accrual thereof on its books on December 30, 1944. Clearly the bonus was not "paid" to Eckert within the time limit as required by section 24 (c) (1), nor was it made unequivocally subject to his demand so that under the theory of constructive receipt it was under section 24 (c) (2) includible in his gross income reported on the cash basis for 1943. Eckert's testimony to the effect that he regarded the withdrawals entered in his personal account as charges against any bonuses he would earn under the 1941 bonus resolution, together with the fact that the debit balance of Eckert's personal account on December 31, 1943, exceeded the determinable amount of the 1943 bonus due him under the 1941 resolution, is used to support petitioner's argument as to section 24 (c) (1) that the 1943 bonus was *304 actually "paid" by offsetting one indebtedness against another. Such argument is effectively disposed of by Eckert's further testimony to the effect that when petitioner could afford to pay the bonuses he would then settle up his personal account and report the bonuses as income, together with the established facts that on petitioner's books of account as of the close of 1943 Eckert's personal account debit balance was carried on as account receivable, Eckert's salary account credit balance was carried as an account payable, and Eckert was not credited and petitioner was not charged with any amount as an accrued 1943 bonus until December 30, 1944. On this record we conclude and have so found as an ultimate fact that the bonus of $3,007.95 was not paid by petitioner within the taxable year 1943 or within two and one-half months after the close thereof and therefore hold that the first condition does exist. It may also be noted that even if the facts warranted a finding of constructive payment, which they do not, that would not be sufficient to satisfy the statutory requirement of section 24 (c) (1) that the amount must be actually "paid", P. G. Lake, Inc., supra. Petitioner's *305 argument that the second condition under section 24 (c) (2) does not exist is based on the contention that Eckert constructively received the bonus in 1943 and should have reported it as his income for the reasons that under the 1941 resolution the bonus in a determinable amount at the close of 1943 was due Eckert and that under his absolute control over petitioner he had unrestricted access to the amount due and could have withdrawn it. In our opinion the mere fact that the principal officer and stockholder had control over the affairs and the funds of the petitioner corporation is not sufficient to warrant a finding of constructive receipt by such person of additional compensation authorized by a resolution of an earlier year, where in fact the corporation's books of account show no recognition by it of any liability for such compensation until the close of the year following the taxable year in question and, further, where in fact such person did not, by his own actions, treat such compensation as due him without restriction on the withdrawal thereof. The situation here differs, inter alia, from that in Michael Flynn Mfg. Co., supra, in that there the salaries had been *306 accrued on the books of the taxpayer corporation in the taxable year. On the record we conclude and have so found as an ultimate fact that under Eckert's cash method of accounting the amount of the 1943 bonus was not reportable by him on his 1943 income tax return and therefore hold that the second condition does exist. The respondent's determination is sustained. Decision will be entered for respondent. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * *
(c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23(a), relating to expenses incurred, or under section 23 (b), relating to interest accrued - (1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b)↩.