H & H DRILLING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24030. Promulgated December 28, 1950.

*C. H. Garnett, Esq.*, for the petitioner.
*D. L. Bergeron, Esq.*, for the respondent.

---

962

**OPINION.**

DISNEY, *Judge:* The petitioner had the burden of showing the inapplicability of the three conditions set out in section 24 (c) of the

Internal Revenue Code.[1]  All three conditions of the statute must co-exist to the application of the provision. *Michael Flynn Mfg. Co.*, 3 T. C. 932; *Akron Welding & Spring Co.*, 10 T. C. 715.

Apparently because the record shows that Ptak owned more than 50 per cent of the petitioner's stock (within section 24 (b), I. R. C.), and because there is no showing as to whether he was on a cash or accrual basis of accounting, the petitioner makes no contention with reference to clauses 2 and 3 of section 24 (c), and is contesting no more than alleged lack of payment within two and one half months after the close of its taxable year within the meaning of clause 1.  It does not contend that actual payment was made.  The effect of the argument on the point is that, under the facts, Ptak constructively received the amount during or within two and one half months after the taxable year.

Part of petitioner's burden of proof under its contention was that the amount in controversy was unqualifiedly subject to the demand of Ptak.  Ptak was not a director, or an officer of petitioner and no proof was made that he had authority to disburse corporate funds. Petitioner did not have sufficient funds in its bank account on May 13, 1942, to pay the check issued to Ptak and Bradshaw testified that he doubted if it had that much in the account at any time between December 30, 1940, and the date the check was drawn.  It was not established by evidence that Ptak ever demanded payment or that the amount accrued was actually paid at any time.  Neither does it appear from the evidence that Ptak reported the amount in 1941 or 1942.

It is argued that the situation here is no different, in substance, from what it would be if petitioner had borrowed sufficient funds to pay the salary, and after cashing a check drawn against the borrowed money, Ptak had loaned the amount to petitioner.  The issue must be decided on what was done and not on what might have been done. Moreover, there is no proof here that petitioner could have borrowed the necessary money to pay Ptak.

No effort appears to have been made by petitioner to pay the salary until a few days before the expiration of the statutory period allowed within which to make payment.  At that time there was not, as al-

---

[1] SEC. 24 (c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof ; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends ; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).

ready pointed out, sufficient funds to petitioner's credit to pay the check, and no proof was made that that condition had not prevailed since the adoption of the resolution authorizing the salary. Endorsement of the check by Ptak, and delivery thereof to petitioner for deposit to its credit, was not. payment, actual or constructive. Petitioner was in the same financial condition, as respects Ptak, after the completion of the transaction as it was before the issuance of the check and Ptak received nothing. The formality was nothing more than a bookkeeping or paper transaction.

Cases are cited in support of contention that Ptak could have received payment on the check upon demand. There was no proof here of an intention or understanding that the check was to be presented to the bank by the payee for payment. To the contrary, the inference from the manner in which the check was handled is that the check would not be presented for payment. Moreover, the evidence does not show that Ptak could have received payment on demand for petitioner is not shown to have had the necessary money at any time.

Other cases cited by petitioner do not support its view. All of them are distinguishable on their facts. In *Fincher Motors, Inc.*, 43 B. T. A. 673, cash was available for payment of the obligation, but we held that there was no constructive payment. In *Celina Mfg. Co.* v. *Commissioner*, 142 Fed. (2d) 449, reversing 47 B. T. A. 967, notes were issued and accepted with an agreement that they constituted payment of the salary. In *Musselman Hub-Brake Co.* v. *Commissioner*, 139 Fed. (2d) 65, demand notes, having a cash value equal to their face amount, were issued for the obligations. A similar situation prevailed in *Michael Flynn Mfg. Co., supra; Ohio Battery & Ignition Co.*, 5 T. C. 283; and *Akron Welding & Spring Co., supra.*

The evidence in the record does not establish that Ptak constructively received or that petitioner constructively paid the salary in question.

Aside from the conclusion just expressed, we have held that constructive receipt does not require a holding that there was constructive payment, and that constructive payment does not constitute payment under the statute. *P. G. Lake*, 4 T. C. 1, affd., 148 Fed. (2d) 898; *Granberg Equipment, Inc.*, 11 T. C. 704.

No error was committed by respondent in denying the deduction under the provisions of section 24 (c). So holding, it is not necessary to pass upon the reasonableness of the salary authorized by the directors.

To reflect net loss and unused excess profits carry-backs from 1944, the amounts of which are not in controversy,

*Decision will be entered under Rule 50.*