Consumers Trading Co., Inc. v. Commissioner.
Consumers Trading Co. v. Commissioner
Docket No. 70801.
United States Tax Court
T.C. Memo 1960-198; 1960 Tax Ct. Memo LEXIS 91; 19 T.C.M. (CCH) 1028; T.C.M. (RIA) 60198; September 27, 1960
Joseph C. Duggan, Esq., 179 William Street, New Bedford, Mass., for the petitioner. Charles T. Shea, Esq., for the respondent. WITHEY
Memorandum *92 Opinion WITHEY, Judge: The Commissioner has determined deficiencies of $5,354.79 and $1,273.64 in petitioner's income tax for 1953 and 1954, respectively. The only issue for determination is whether the petitioner was entitled to deduct $20,298.60 for unpaid truck hire expense in computing a net operating loss carryover from 1952 to 1953 and 1954. All of the facts have been stipulated and are found accordingly. The petitioner is a Massachusetts corporation, organized in 1946, and has its principal office at New Bedford, Massachusetts. It timely filed its Federal income tax returns for the taxable years 1952 through 1955 on a calendar year and an accrual basis with the director in Boston, Massachusetts. Throughout the years 1952 and 1953, Herbert Witkind and Rhoda Witkind were husband and wife and resided at 416 Clinton Street, New Bedford, Massachusetts. During those years Rhoda owned and held all of the petitioner's outstanding capital stock, which consisted of 30 shares of common stock. Also during those years Herbert and Rhoda were president and treasurer, respectively, of the petitioner. During 1952 and 1953, the petitioner's principal business activity was the operation *93 of two warehouses, one located in New Bedford, Massachusetts, and the other located in Ipswich, Massachusetts. Throughout those years the warehouses were leased by petitioner to General Services Administration of the United States Government. During 1952 and 1953, Herbert was the sole proprietor of a trucking and mill supplies business which he conducted under the name of Herbert Witkind Transportation. The location of the business was at New Bedford, Massachusetts. For the years 1952 and 1953, he kept his books and filed his Federal income tax returns on the calendar year and the cash basis. In its income tax return for 1952 the petitioner took a deduction of $25,698.60 as truck hire expense and reported a net loss of $25,053.96. The truck hire expense of $25,698.60 was incurred by petitioner during 1952 as a liability to Herbert, d/b/a Herbert Witkind Transportation, and was paid by petitioner to him as follows: Payments made during 1952
$ 5,100.00
Payment made February 28, 1953
300.00
Payments made between March
16, 1953, and December 31, 1955
20,298.60
Total
$25,698.60
Of the truck hire expense of $25,698.60 accrued by petitioner for 1952 and deducted *94 in its income tax return for that year, the amount of $20,298.60 was not paid to Herbert within the petitioner's taxable year 1952 and 2 1/2 months after the close thereof (or by March 15, 1953) and the amount was not includible in the gross income of Herbert for the taxable year 1952 and 2 1/2 months after the close thereof. By reason of Herbert's method of accounting, the $20,298.60 truck hire expense owing to him by petitioner was not, unless paid, includible in his gross income for the taxable year 1952. At the close of the petitioner's taxable year 1952 and throughout the 2 1/2 months thereafter, Herbert was an individual and the petitioner was a corporation more than 50 per cent in value of the outstanding stock of which was owned indirectly by Herbert. In determining the deficiencies involved herein the respondent determined that under the provisions of section 24(c) of the Internal Revenue Code of 1939, $20,298.60 of the deduction taken by petitioner for 1952 for truck hire expense which was not paid on or before March 15, 1953, was not allowable and accordingly reduced by that amount the net operating loss carryover from 1952 to 1953 and 1954. The petitioner has not *95 filed any brief. When the case was called for trial, counsel for the petitioner stated that he did not care to make an opening statement. After counsel for the respondent had made his opening statement, counsel for the petitioner stated in effect that the failure of the petitioner to pay the $20,298.60 here involved to Herbert on or before March 15, 1953, was due to the failure of General Services Administration to timely pay to petitioner its monthly bills for truck hire and requested that such failure of General Services Administration be considered by us in construing the pertinent provisions of the Code. A statement somewhat similar to the foregoing statement of petitioner's counsel is contained in the allegations of fact in the petitioner's petition, but it was denied by respondent in his answer. In view of respondent's denial and since the record does not contain any evidence which either shows or indicates that General Services Administration failed to make timely payment to petitioner of any of its bills for truck hire, compliance with the abovementioned request of petitioner's counsel cannot be made because of a lack of factual support for it in the record. The respondent *96 contends that his disallowance of the $20,298.60 in question was correct and should be sustained. Pertinent provisions of the Code of 1939 are set out below. [1]
*97 There is no controversy between the parties as to the truck hire expense here in question not being of the character of deductions ordinarily allowable under section 23(a). The controversy is as to whether its allowance is barred by the provisions of section 24(c). It is to be noted that section 24(c) contains three subdivisions, each of which sets forth a condition to the application of the deduction disallowance provision. Where the three conditions coexist the deduction disallowance provision is operative and prohibits allowance of the controverted deduction. P. G. Lake, Inc., 4 T.C. 1, affd. 148 F. 2d 898, certiorari denied 326 U.S. 732, and cases there cited. Examining the facts, all of which were stipulated, in connection with the provisions of section 24(c) and the pertinent provisions of section 24(b), we find that all three of the conditions of section 24(c) coexisted. Accordingly, we hold that the deduction disallowance provision of that section operated to bar the allowance as a deduction to the petitioner of the $20,298.60 truck hire expense here in controversy. The respondent's determination is sustained. Decision will be *98 entered for the respondent. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * *
(c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23(a), relating to expenses incurred, or under section 23(b), relating to interest accrued - (1) If within the period consisting of the taxable year of the taxpayer and two and one-half months after the close thereof (A) such expenses or interest are not paid, and (B) the amount thereof is not includible in the gross income of the person to whom the payment is to be made; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If at the close of the taxable year of the taxpayer, or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24(b). SEC. 24(b). Losses From Sales or Exchanges of Property - (1) Losses Disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - * * *
(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;↩